```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


  ANA FRANK                                    CIVIL ACTION

  VERSUS                                       NO: 12-1102

  WAYNE L. JONES                               SECTION: "J"(2)
```

### ORDER

Before the Court is a Motion for Summary Judgment **(Rec. Doc. 21)** filed by Defendant, Sheriff Wayne L. Jones. The motion was set to be heard on the briefs on Wednesday, April 10, 2013 at 9:30 a.m. Plaintiff, Ana Frank, has filed a notice with the Court indicating that she does not oppose the Defendant's motion or the dismissal of this action with each party to bear its own costs. (Rec. Doc. 25) The Court, having reviewed the parties' submissions, the applicable law, and the record, finds that Defendant's motion has merit and should be **GRANTED**.

Plaintiff filed the instant lawsuit on April 30, 2012. (Rec. Doc. 1) Pursuant to Local Rules 56.1 and 56.2,[1] the following facts

---

[1] Local Rule 56.1 provides that "[e]very motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue." Local Rule 56.2

are deemed undisputed for purposes of Defendant's motion: (1) Prior to her termination, Plaintiff was employed as an at-will employee with the Sheriff's Office; (2) On February 16, 2012, Plaintiff was interviewed by two detectives in reference to allegations that Plaintiff may have violated the Sheriff's Office policies and procedures; (3) At the conclusion of the interview on February 16, 2012, Plaintiff was placed on indefinite suspension from her employment with the Sheriff's Office; (4) Plaintiff did not speak with Defendant or his chief deputy following her suspension; (5) on April 11, 2012, Defendant notified Plaintiff, after reviewing the complaints against her, that she had violated the Sheriff's Office rules and regulations and that she was terminated, effective immediately; (6) No member of the Sheriff's Office has made the allegations against Plaintiff public, and Plaintiff has not alleged that the allegations were made public; (7) Plaintiff did not request any opportunity to clear her name.[2]

As a public official who engaged in a discretionary act, Defendant is afforded immunity from civil damages so long as his conduct "does not violate clearly established statutory or

---

provides that "[a]ny opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. *All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.*"

[2] Because Defendant included these facts in his statement of uncontested material facts and Plaintiff did not controvert them, they will be deemed admitted for purposes of the instant motion. Supra n. 1.

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The only constitutional rights that Plaintiff claims Defendant violated in this case are her rights under the Due Process Clause. (Pl.'s Objection, Ex. C to Def.'s Mot. for Summ. J., Rec. Doc. 21-6) However, because it is undisputed that Plaintiff was an at-will employee, her termination would not give rise to a cause of action, unless she was terminated on a prohibited ground. See Overman v. Fluor Constructors, Inc., 797 F.2d 217, 220 (5th Cir. 1986); Hoover v. Livingston Bank, 451 So. 2d 3, 5 (La. App. 1 Cir. 1984). Here, it is undisputed that Plaintiff was terminated because she violated the Sheriff's Office rules and regulations, a permissible ground. See id. In addition, as a public employee who was terminable at will under state law, Plaintiff was not entitled to a pre-termination hearing under the Fourteenth Amendment Due Process Clause, because she lacked a cognizable property interest in continued employment at the Sheriff's Office. See Bishop v. Wood, 426 U.S. 341, 342-47 (1976) (city's termination of police officer without a pre-termination hearing did not deprive officer of a property interest protected by the Fourteenth Amendment where, under state law, the police officer "held his position at the will and pleasure of the city.")

Moreover, a discharged public employee may be entitled to a name-clearing hearing if, in connection with the discharge, his

3

employer makes stigmatizing charges public "'in any official or intentional manner other than in connection with the defense of [related legal] action.'" Campos v. Guillot, 743 F.2d 1123, 1125-26 (5th Cir. 1984) (quoting Ortwein v. Mackey, 511 F.2d 696, 699 (5th Cir. 1975)). However, as a matter of law, Plaintiff was not entitled to a name-clearing hearing in this case, because it is undisputed that (a) no member of the Sheriff's Office has made the allegations against Plaintiff public; and (b) Plaintiff has not alleged that the Sheriff's Office made the allegations against her public. See id. Thus, based on the undisputed facts in this case, Defendant's conduct did not violate Plaintiff's rights under the Due Process Clause, and he is entitled to qualified immunity. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment **(Rec. Doc. 21)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**, at Plaintiff's cost.

New Orleans, Louisiana this 10th day of April, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4